I2FOGG, Judge.
The defendant in this slip and fall case raises on appeal issues concerning liability and quantum. We affirm.
This appeal arises out of an accident in which Mary Jean Palmer slipped and fell at K-Mart discount store # 3020 in Baton Rouge, Louisiana, sustaining various personal injuries. She and her husband, Charles Norman Palmer, sued K-Mart Corporation, a corporation which owned and operated the K-Mart store where the accident occurred. After hearing the matter, the trial judge found K-Mart Corporation to be 100% at fault and awarded Mrs. Palmer $32,464.27 in past medical expenses, $10,000.00 in future medical expenses, and $150,000.00 in general damages. The court also awarded $19,000.00 in expert witness fees to the plaintiff. K-Mart Corporation appeals.
Initially, K-Mart Corporation attacks the trial court’s assessment of 100% fault against it. LSA-R.S. 9:2800.6, as it read on January 14, 1990, the date of the accident, sets forth the duties of a store merchant as follows in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant’s premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
C. In exculpating himself from liability under this Subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.
It is uncontested that vomit on the store floor constituted a hazardous condition which caused the plaintiff to fall. Therefore, the burden of proof shifted to the defendant, K-Mart Corporation, Uto show it acted in a reasonably prudent manner in exercising the duty of care it owed to Ms. Palmer to keep the premises free of any hazardous conditions. In carrying its burden of proof, the merchant was “required to introduce the testimony of any employee shown to have actu *1336 ally created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.” LSA-R.S. 9:2800.60.
Pamela Thomas, a K-Mart employee, testified that she was working as the supervisor of the cashiers and at the service desk on the day of the accident. A cashier, who appeared to Ms. Thomas to have an upset stomach, approached Ms. Thomas and asked permission to leave her register due to illness. Ms. Thomas gave the cashier permission to leave her register. Thereafter, a customer advised Ms. Thomas that someone had vomited on the floor of the center aisle. Ms. Thomas immediately called a “Code M,” which is a request for another K-Mart employee to clean the floor with a mop. After making that call, Ms. Thomas continued to help a customer at the service desk. Within one to two minutes, Ms. Palmer slipped in the vomit and fell. Ms. Thomas testified that the vomit was that of the K-Mart cashier who had earlier left her post due to illness.
K-Mart Corporation asserts that it was not negligent because even if Ms. Thomas had left her post as soon as she learned of the hazardous condition she could not have prevented the accident. Specifically, K-Mart Corporation argues that the foreign substance was on the floor for such a minute duration that any inspection and cleanup procedures would not have prevented the accident, and, therefore, any protective measures would have been superfluous.
In making this argument, K-Mart Corporation relies heavily on various appellate decisions to establish a rule of law for determining when a store owner has proven itself free of negligence. Under its theory, any showing that a substance has been on the floor for only a few minutes will exculpate the store from charges of negligence. We disagree with this analysis. These Udecisions are factual determinations, not rules of law. The issue of negligence in each case must be determined by the factual circumstances surrounding the accident.
The evidence, presented in this case, is insufficient to ascertain how long the vomit remained on the floor before Ms. Thomas was advised of its existence by a customer or to determine what measures were taken by K-Mart Corporation in exercising its duty of care during that period of time. Although one K-Mart employee testified that another employee caused the hazard, the employee who was responsible for creating the hazardous condition was not called to testify as required by the statute. Furthermore, K-Mart Corporation put on no testimony by the employees or management personnel whose job responsibilities included inspection or cleanup of the area during that period as required by the statute. Upon learning of the hazardous condition, K-Mart Corporation did nothing other than call for a cleanup detail. Therefore, we find the facts support the trial court’s conclusion that the defendant did not act in a reasonably prudent manner in exercising the duty of care it owed Ms. Palmer to keep the premises free of any hazardous conditions and the trial court did not manifestly err in assessing 100% of the fault to K-Mart Corporation.
K-Mart further asserts the trial court abused its discretion in awarding $150,000.00 in general damages to plaintiff. Trial courts are accorded “much discretion” in fixing general damage awards. Reck v. Stevens, 373 So.2d 498 (La.1979). The role of an appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, — U.S. -, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact. Youn, 623 So.2d at 1260. The discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. It is *1337 only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects on the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn, 623 So.2d at 1261.
In the instant case, Ms. Palmer was diagnosed as suffering from thoracic outlet syndrome, carpal tunnel syndrome, temporal mandibular joint dysfunction, and psychological injury with symptoms of constant nausea. The medical testimony reflected that these conditions were caused by the slip and fall accident.
At the time of the trial, three and one-half years after the accident, Ms. Palmer had been successfully treated through surgery for the carpal tunnel syndrome. Also the symptoms of the temporal mandibular joint dysfunction had receded. Having exhausted all conservative treatments for her thoracic outlet syndrome, she had undergone one unsuccessful surgery and was awaiting a second surgery for this condition. Whether the second surgery would relieve the neck pain, shoulder pain, and headaches caused by this condition was highly questionable. This pain had totally incapacitated her since the accident occurred, severely limiting her ability to care for her home and her two small grandchildren. Also, although the prognosis for recovery from her psychological injury was good, she continued to be troubled by nausea and remained in therapy. Considering the extent and duration of these injuries, we find no abuse of discretion on behalf of the trial court in setting the general damage award at $150,000.00.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against K-Mart Corporation.
AFFIRMED.